PEOPLE'S NATIONAL BANK *vs.* KENNEBEC WATER DISTRICT.

Kennebec County. Decided July 14, 1911. Action on the case wherein the plaintiff claimed that, on April 26, 1910, its woolen mills, with their machinery and supplies, were damaged by fire to the extent of approximately ten thousand dollars, through the negligence of the defendant in repairing the water pipe connected with the plaintiff's automatic sprinkler system. The plaintiff contended that the work was so negligently performed that, at the time of the fire, the automatic system failed to work and the plaintiff's loss or at least a part of it, was legally attributable to the defendant. Reported to the Law Court for decision on the question of liability.

The rescript says: "The record shows that just prior to March 25th, 1910, a leak was discovered in the pipe located on plaintiff's land and connecting one of the defendant's mills with the main in the street, and the plaintiff made arrangements with the defendant to repair the same. The leak was near an indicator post that indicated, when in proper condition, whether the water was on or off by the sign "open" or "shut," and the plaintiff claims that the workmen of the defendant must have disarranged the mechanism of this post, so that the sign read "open" while in reality the water was off.

"It further appears that the leak was repaired by defendant's workmen in a few hours, and, when the work was completed, the foreman of the crew notified the superintendent of the mill of the

fact, and a test was made, either by the superintendent or in his presence, to ascertain whether the water was on, and they both were satisfied that it was, and the workmen left; in fact the test was made by mistake on a faucet that was not connected with this repaired pipe, and the inference is therefore strong that the water was left shut off from that pipe.   A month later a fire broke out underneath the office.   The automatic sprinkler system located in one of the mills, and not connected with the pipe last repaired, worked.   That in the other mill connected with this repaired line did not work. Considerable loss was suffered, and this suit was brought.

"*Held :*   1.   That, considering all the evidence in the case, it is too meagre to constitute the foundation of a claim for negligence, and falls far short of creating a liability for damages caused by the fire.

"2.   That if the valves in the indicator were in some way reversed, the defendant should not be held liable for that condition, as the test was made and the work in effect approved and accepted by the superintendent of the mill.   The mistake, if any, was a mutual mistake.

"The necessary elements of actionable negligence are lacking." Judgment for defendant.   *Heath & Andrews,* for plaintiff.   *Harvey D. Eaton,* for defendant.